IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVIE HARRISON, ID # 696677, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:11-CV-0712-K-BH |
| | ) | |
| JOHN ARASOR, et. al | ) | |
|     Defendants. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management. Before the Court are Plaintiff's *Motion to be Exempt from the Three Strikes Rule of Section 1915(g)* (doc. 9) and *Application to Proceed In Forma Pauperis* (doc. 10), both received on February 18, 2011, and *Amended Motion to be Exempt from the Three Strikes Rule* (doc. 15), received on March 25, 2011. Based on the relevant filings and applicable law, the motions and application should be **DENIED**, and this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) unless Plaintiff timely pays the requisite filing fee.

### I. THREE STRIKES

Plaintiff, an inmate in the Texas prison system, filed a civil action against several defendants, including employees of the United States Marshal's Service, the United States Attorney's Office, and the Federal Bureau of Investigation, on February 18, 2011.[1] (*See* doc. 1) He alleges the defendants violated his constitutional rights by failing to place him in federal protective custody after he reported criminal activity at the state prison where he is incarcerated. He also filed an amended complaint on that same date that included additional claims. (*See* doc. 11).

As a prisoner seeking to proceed *in forma pauperis*, his case is subject to review

---

[1] Plaintiff filed his initial complaint and amended complaint with another inmate, Kenneth Mayberry, Cause No, 3:11-cv-333-K, and sought to proceed as a class action. The request was denied, and Plaintiff's case was severed.

under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g). It provides that inmates who have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, may not proceed with a civil action without prepayment of the filing fees unless they show imminent danger of serious physical injury.

Here, the "three-strikes" provision applies because Plaintiff has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Harrison v. Stringfellow*, No. 5:96-cv-0250-DF (E.D. Tex. Oct. 16, 1996); *Harrison v. Ford*, No. 1:01-cv-0111-BG (N.D. Tex. June 26, 2002); *Harrison v. Dominguez*, No. 2:02-cv-0160-J (N.D. Tex. Jan. 10, 2005). He must therefore prepay the filing fee unless he shows that he is subject to imminent danger of serious physical injury.

## II. IMMINENT DANGER

Plaintiff claims that he is in imminent danger because he has been physically injured, denied medical treatment and threatened by gang members, a cell mate, and prison guards. (*See* doc. 9 at 2). He contends his shoulder was seriously injured when a prison guard slammed him into a door on December 8, 2010. (*See* doc. 3 at 3). On December 10, 2010, and January 1, 2011, he complained to prison staff that he was not provided a handicapped van every time he was sent to the medical center for treatment, that he could not fit in the regular van, and that he was not receiving his pain medication for his shoulder injury. He had previously complained on November 16, 2010, about not having his blood sugar levels for his diabetes promptly checked. (Comp. at 8, 54, 55, 57). The threats by prison guards consist of comments made to, and actions taken towards, another

2

inmate in 2009 and early 2010. (Comp.at 17, 19-24). Plaintiff also claims that a guard told that inmate that Plaintiff was creating trouble and that "we are tired of it" on November 16, 2010. (Comp. at 56).

As evidence of the alleged threats by inmates, Plaintiff attaches several grievances he filed in March of 2010 claiming that a cellmate had been threatened by other inmates, and that although the man had been removed from his cell, his life was still in danger because they both were on the same unit. (Comp. at 32-33, 73-74). He also attaches grievances he filed in May and July of 2010 concerning a threat to him by a former cell mate in May of 2010. Although Plaintiff had been moved and was no longer in the same cell with this inmate, he did not believe that this action was sufficient to protect him because the other inmate still lived and worked in the same unit. (Amended Comp. at 5-9). He also complains of retaliation since he filed his initial and amended complaints, because he has been: 1) moved to different, isolated housing where he did not want to be as an insulin-dependent diabetic and heart patient; 2) forced to ride in a smaller van to medical appointments, thereby injuring his right knee and lower back; and 3) threatened by a prison guard for filing grievances and lawsuits. (doc. 14 at 1-3).

The Fifth Circuit has held that the plaintiff must show "imminent danger at the time that he seeks to file his suit." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *accord*, *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam). *See also Ruston v. Continental Motel*, 2003 WL 2294680, slip op. at *2 (N.D. Tex. Feb. 28, 2003) (holding that Ruston had not shown imminent danger of serious physical injury where his allegations concerned incidents that occurred after the initial filing). All of Plaintiff's allegations of imminent danger of serious physical injury concern incidents that occurred either well before he filed his suit in February 2011

or after. His allegations that he has not received pain medication and that he has been forced to ride in a van that is too small for him do not rise to the level of imminent danger of serious bodily injury. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (noting that, in order to meet the imminent danger requirement, the threat must be "real and proximate"). He received, and continues to receive, treatment for the December 2010 shoulder injury. Allegations about the quality of medical care are insufficient to establish imminent danger. *See Edmond v. Texas Dept. Of Corrections*, 1998 WL 723877, slip op. at *3 (5th Cir. Oct. 7, 1998); *Ortiz v. Quarterman*, 2008 WL 5024857, slip op. at *3 (N.D. Tex. Nov. 21, 2008). His other general allegations that he has been retaliated against and has been a victim of physical injuries, (doc. 9 at 1), are not grounded in specific facts indicating that serious physical injury is imminent and are insufficient to meet the exception to § 1915(g). *See Valdez v. Bush*, 2008 WL 4710808, slip op. at *1 (N.D. Tex. Oct. 24, 2008). Finally, claims that another inmate has been threatened with physical injury do not show that Plaintiff himself is in imminent danger of serious physical injury.

Because Plaintiff has not shown that he is in imminent danger of serious physical injury, he may not proceed with this action without prepayment of fees under § 1915(g).

### III. RECOMMENDATION

Plaintiff's *Motion to be Exempt from the Three Strikes Rule* (doc. 9), *Application to Proceed In Forma Pauperis* (doc. 10), and *Amended Motion to be Exempt from the Three Strikes Rule* (doc. 16) should all be **DENIED**. This case should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the $350.00 filing fee prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

SIGNED this 20th day of April, 2011.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE